1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

FIRST UNITED, INC., a California
corporation, dba DE LA FUENTE
CADILLAC,

Plaintiff,

v.

GENERAL MOTORS, LLC, a Delaware
limited liability company; GREINER
POWAY, INC., a Delaware corporation;
and DOES 1 through 50, inclusive,

Defendants.

12
13
14
15
16
17
18

CASE NO. 10-CV-2611-JM (BLM)

**ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND
DENYING DEFENDANT
GREINER POWAY, INC.'S
MOTION TO DISMISS AS MOOT**

Doc. Nos. 4, 6

19      Plaintiff First United, Inc. ("First United") brought the instant suit against Defendants

20   General Motors, LLC ("GM") and Greiner Poway, Inc. ("Greiner") in California Superior

21   Court, stating ten causes of action: (1) breach of contract against GM; (2) breach of contract

22   against Greiner; (3) breach of implied covenant of good faith and fair dealing against GM;

23   (4) breach of implied covenant of good faith and fair dealing against Greiner; (5) intentional

24   misrepresentation against GM; (6) negligent misrepresentation against GM; (7) interference

25   with business, contractual, and economic relations against GM; (8) interference with

26   prospective economic advantage against GM; (9) unfair trade practices in violation of CAL.

27   BUS. & PROF. CODE § 17200 against both defendants; and (10) declaratory and injunctive relief

28   against both defendants. (Doc. No. 1 Exh. A, hereafter "Complaint.") GM removed the suit to

this court on the basis of diversity jurisdiction. (Doc. No. 1.) First United now moves for remand to state court. (Doc. No. 6.)

Pursuant to CivLR 7.1(d)(1), the court determines this matter is appropriate for resolution without oral argument. For the reasons set forth below, the court hereby GRANTS First United's motion and remands this case to state court.

## I.  BACKGROUND

First United is a California corporation that owns and operates De La Fuente Cadillac, a Cadillac automobile dealership in El Cajon, California in the County of San Diego. (Complaint ¶ 2.) Greiner is a Delaware corporation operating a GMC-Buick automobile dealership in Poway, California, also located in the County of San Diego. (Id. ¶ 4.) GM is a Delaware limited liability company that manufactures several lines of automobiles-including Cadillac and GMC-Buick-and distributes them to authorized dealerships for sale throughout the United States. (Id. ¶ 3; Doc. No. 11 p.1.)

On or around November 1, 2005, First United entered into a Dealer Sales and Service Agreement (the "First United/GM Agreement") with GM. (Complaint ¶ 14.) As part of the Agreement, GM agreed to consider any proposals made by First United regarding changes in ownership of its dealership, and to "not unreasonably refuse to approve" such proposals. (Id. ¶ 16.) First United alleges that during the time in question, Greiner had an identical or substantially similar agreement with GM regarding the operation of its own dealership (the "Greiner/GM Agreement"). (Id. ¶ 18.)

On or around February 19, 2010, First United entered into negotiations with Ryan Butterfield ("Butterfield"), the president of Greiner, for the purchase of Greiner's GM franchise assets. (Id.  5, 8.) As part of this deal, First United sought to transfer Greiner's GMC-Buick dealership to El Cajon and consolidate it with its own Cadillac dealership. (Id. ¶ 8.) First United and Greiner entered into a finalized purchase agreement (the "Franchise Purchase Agreement") on or around May 7, 2010. (Id. ¶ 9.) The Agreement provided in pertinent part:

//

11. **Conditions to Closing – BUYER [First United]:**

BUYER's obligation to consummate the transactions contemplated by this AGREEMENT is conditioned upon the occurrence of the following events or the existence of the following conditions at or during the respective times referred to below:

> a. The Written Approval of [GM] to transfer the ASSETS from SELLER [Greiner] to BUYER as contemplated by this AGREEMENT.

> b. BUYER and [GM] shall have agreed upon the terms and conditions of a new dealer sales and service agreement.

> c. Mutual agreement between the PARTIES for the terms of this AGREEMENT.

> d. [GM] and the California Department of Motor Vehicles shall have approved the operation by BUYER of a GMC and Buick dealership at 1385-1405 East Main Street, El Cajon, California 92021 [the address of First United's Cadillac dealership].

. . .

14. **Termination of Agreement:**

This AGREEMENT may be terminated only upon request. But, in the event all the provisions within Paragraphs 11 and 12 [Conditions to Closing – SELLER] cannot be satisfied, this AGREEMENT shall become null and void and any Earnest Money Deposit deposited in the Trust Account of SELLER'S ATTORNEY shall be fully returned within five (5) days of Termination of this Agreement.

(Franchise Purchase Agreement, Complaint Exh. A, ¶¶ 11, 14.) In addition, one of the "General Terms" of the agreement stated: "BUTTERFIELD agrees . . . [t]o take the lead and use his best effort to process and obtain the approval of [GM] to transfer the FRANCHISE to BUYER." (Id. ¶ 7(b).) Upon finalization of the Franchise Purchase Agreement, First United tendered a $50,000 deposit to Greiner. (Complaint ¶ 9.)

First United and Greiner then went on to submit the Franchise Purchase Agreement, along with a Dealer Contractual Change Package (collectively the "Greiner Application"), to GM for approval on or around May 24, 2010. (Id. ¶ 21.) Over the next several months, the two dealerships also provided additional information to GM upon GM's request. (Id. ¶ 23.) GM rejected the Greiner Application in a letter dated August 9, 2010, stating that although First United and Greiner met the qualifications for a change in ownership, GM "d[id] not approve the proposed Relation because GM's network planning for Buick and GMC in Poway is to

maintain representation." (Id. ¶¶ 24-26.) In other words, GM "wishe[d] . . . to maintain a dealership in Poway," where Greiner's dealership was located. (Id. ¶ 26.)

First United now alleges that GM's refusal to approve its purchase of Greiner's dealership was "unreasonable, arbitrary, pre-textual, and contrary to the terms and intent of the operative agreements [between the parties]." (Id. ¶ 27.) First United claims that it has made numerous attempts in the past to expand its dealership to include multiple GM product lines, all of which have been rejected by GM for various reasons, and that this latest rejection is part of "a protracted campaign to drive [First United] out of business in San Diego County." (Id. ¶¶ 37, 48-80.)

In addition, First United claims that, following GM's rejection of the Greiner application, Butterfield initially represented that Greiner would assist in First United's efforts to contest GM's decision and, if necessary, join First United's lawsuit against GM as a plaintiff. (Id. ¶ 81.) However, First United now believes that Greiner has since entered into negotiations with GM for the possible sale of its dealership to a third party. (Id. ¶ 82.) First United has therefore named Greiner as a co-defendant in this suit based in part on First United's perception that Greiner has violated the terms of the Franchise Purchase Agreement by failing to make its "best effort" to attempt to obtain GM's approval of the Greiner Application. (Id. ¶ 83.)

After First United filed its Complaint in California Superior Court, GM removed the action to this court, citing diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1.) Although GM acknowledges that First United is a California corporation, and that both First United's and Greiner's principal places of business are in California, it argues in its Notice of Removal that federal jurisdiction is nevertheless proper because First United "has fraudulently joined Greiner as a purported defendant in the Action in an improper attempt to defeat diversity jurisdiction." (Id. ¶¶ 2-4.) First United now brings a motion to remand the case to state court on the grounds that GM has failed to establish federal subject matter jurisdiction. (Doc. No. 6.)

//

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332, federal district courts may properly exercise subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). This statute has been interpreted to require complete diversity between the litigants on each side of the controversy; in other words, "[i]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 554 (2005). Further, "[i]ncomplete diversity destroys original jurisdiction with respect to all claims." Id.

However, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). In order to determine whether a defendant has been fraudulently joined in a suit, the court is entitled to look beyond the complaint and consider facts presented by the defendant. McCabe, 811 F.2d at 1339. "However, '[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.' The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) and Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

## III. DISCUSSION

As discussed above, removal of this case to federal court by GM is predicated upon the notion that Greiner was fraudulently joined to the suit. GM argues in its Notice of Removal

that First United "cannot establish any cause of action against Greiner under state law," such that the court should look only to the citizenship of First United and GM in determining whether complete diversity exists. (Doc. No. 1 p.2.) In particular, as it makes clear in its opposition to First United's motion to remand, GM alleges that each of First United's four claims against Greiner fails as a matter of law based on the facts alleged. (Doc. No. 11.) Therefore, because "none of [First United's claims against Greiner] has a proper legal basis," GM argues that Greiner should be disregarded as a defendant and First United's motion should be denied. (<u>Id.</u> at p.10.)

GM has failed to show that federal subject matter jurisdiction is appropriate in this case. In pointing out the weaknesses in several of First United's claims against Greiner, GM relies heavily on the problems inherent in the related claims against GM itself. For example, GM argues that First United's contract-based claims against Greiner are baseless because the Franchise Purchase Agreement is null and void. (<u>Id.</u> at pp. 10-13.) According to GM, its "'final decision' on the proposed . . . relocation" of Greiner's dealership to El Cajon was made "*under its Dealer Agreement with Greiner* [the Greiner/GM Agreement]," such that First United, who is not a party to that agreement, now "lacks standing to sue for breach." (<u>Id.</u> at p.11 (emphasis in original).) Thus, because GM decided to deny the Greiner Application, and First United cannot challenge that denial, one of the Franchise Purchase Agreement's express conditions to closing has failed and the Agreement was voided pursuant to its own terms. (<u>Id.</u>) Therefore, GM argues, First United has no right to sue either GM *or* Greiner for breach of contract under its first, second, third, and fourth causes of action. (<u>Id.</u> at pp. 5-7.)

Similarly, in arguing that First United's unfair trade practices claim under CAL. BUS. & PROF. CODE § 17200 ("§ 17200") against Greiner is invalid, GM relies on an interpretation of CAL. VEH. CODE § 11713.3 ("§ 11713.3"), the state law provision that is the basis of First United's § 17200 claim against GM. (<u>Id.</u> at pp. 14-18.) Specifically, GM argues that § 11713.3 "only applies to franchise transfers, not relocations," such that "GM has no primary liability to [First United] under section 11713.3 and Greiner therefore cannot be secondarily liable." (<u>Id.</u> at p.15.) In addition, GM claims once again that First United lacks standing to sue both

GM and Greiner under § 11713.3 because the statute "only protect[s] *the selling dealer*," and not First United, who is merely a "disappointed dealer-applicant[]." (Id. at pp. 15-16 (emphasis in original).)

However, the Ninth Circuit has held that "when the same analysis applied to an assertion of fraudulent joinder applies to all defendants," the allegedly improper joinder ceases to be the problem:

> [W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant ***necessarily compels the same result for the nonresident defendant***, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually ***an attack on the merits of plaintiff's case as such***—an allegation that, as phrased by the Supreme Court . . . "the plaintiff's case [is] ill founded as to all the defendants."

Hunter, 582 F.3d at 1044-45 (quoting the Fifth Circuit in Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) and adopting its reasoning) (emphasis added). Thus, by attempting to demonstrate that First United's claims fail against both defendants, GM proves too much. Because GM's reasoning for dismissal of First United's causes of action against Greiner also would also require dismissal of several of First United's causes of action against GM itself, it is improper for the court to overlook the claims against Greiner only for the purposes of removal jurisdiction.

**IV.     CONCLUSION**

For the foregoing reasons, the court hereby GRANTS Plaintiff First United's motion to remand (Doc. No. 6), and remands this case to the Superior Court of California, County of San Diego. In addition, the court DENIES Greiner's currently pending motion to dismiss (Doc. No. 4) as moot. The Clerk of the Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED:  March 25, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge